

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-26-00293-CV
_____

IN RE VIBRA HOSPITAL OF AMARILLO, LLC, RELATOR

ORIGINAL PROCEEDING

August 3, 2026

OPINION

**Before PARKER, C.J., and YARBROUGH and PRATT, JJ.**

This mandamus action arises from Relator Vibra Hospital of Amarillo, LLC's effort to designate a former codefendant, Texas Tech University Health Sciences Center ("TTUHSC"), as a responsible third party in a medical negligence and wrongful death lawsuit. Vibra seeks a writ of mandamus to compel the trial court to vacate its order denying Vibra's motion for leave to designate TTUHSC as a responsible third party and to grant Vibra's motion to make the designation. We conditionally grant the petition.

**BACKGROUND**

According to plaintiffs' pleadings, Tamra Berry underwent a fasciotomy and right leg amputation at UMC hospital in Lubbock in March of 2021. Berry was transferred by

ambulance to Vibra, a skilled nursing facility, for long-term care on May 14, 2021. While at Vibra, Berry was a patient of a TTUHSC physician and nurse practitioners. Berry's condition declined, and she died on May 23, 2021.

Berry's family ("the Family") filed this medical negligence and wrongful death suit on January 27, 2023, against Vibra and TTUHSC. TTUHSC filed a plea to the jurisdiction along with its original answer. The Family served requests for disclosures. Vibra did not identify potential responsible third parties in its initial disclosures or supplemental disclosures, served in October of 2024 and March of 2025, respectively. The trial court granted TTUHSC's plea to the jurisdiction on May 12, 2025, severed the claims against TTUHSC into a separate cause number, and dismissed those claims.

In January of 2026, Vibra served supplemental disclosures identifying TTUHSC as a potential responsible third party. Vibra then filed a motion for leave to designate TTUHSC as a responsible third party on February 2, 2026. The Family objected to the motion, asserting that limitations had run on their claims against TTUHSC and the motion was untimely. The Family further argued that there is no evidence that TTUHSC is responsible for any portion of the Family's alleged injuries or damages. The trial court denied Vibra's motion for leave, and Vibra brought this mandamus action.

**PREREQUISITES TO MANDAMUS**

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Mandamus relief is warranted only when the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex.

2

2018) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion when its ruling is arbitrary or unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). An abuse of discretion also occurs when a trial court fails to analyze or apply the law correctly. *Id.*

**ANALYSIS**

Vibra must establish both that the trial court abused its discretion by denying Vibra's motion for leave to designate TTUHSC as a responsible third party and that Vibra lacks an adequate remedy by ordinary appeal. *In re N. Cypress*, 559 S.W.3d at 130. Both prongs are satisfied here.

Abuse of Discretion

Chapter 33 of the Texas Civil Practice and Remedies Code authorizes a tort defendant to designate as a responsible third party a person who "is alleged to have caused in any way the harm for which the plaintiff seeks damages." *See Jay Miller & Sundown, Inc. v. Camp Dresser & McKee Inc.*, 381 S.W.3d 635, 638–39 (Tex. App.—San Antonio 2012, no pet.). A "defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868–69 (Tex. 2009). Under the proportionate responsibility statute, "responsibility" is not equated with "liability." *Id.* at 868.

3

If the movant seeking to designate a responsible third party timely files a motion for leave to designate, the trial court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f). Even if an objection is timely filed, the trial court must grant the motion for leave unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the potential responsible third party, and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the potential responsible third party. *Id.* § 33.004(g).

The Family's objection challenges both the timeliness of Vibra's motion for leave and the sufficiency of Vibra's factual pleadings.

*Vibra's Motion was Timely*

A defendant may seek leave of court to designate a person as a responsible third party by filing a motion for leave "on or before the 60th day before trial[.]" TEX. CIV. PRAC. & REM. CODE § 33.004(a). Vibra met this requirement, as there was no trial date at the time Vibra's motion was filed. But the Family asserts that Vibra failed to comply with the requirement for timely disclosure found in section 33.004(d), which provides:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

4

*Id.* § 33.004(d).  According to the Family, Vibra did not fulfill its duty to supplement its responses to requests for disclosure "reasonably promptly," as required by the Rules of Civil Procedure.  *See* TEX. R. CIV. P. 193.5(b); *see id*. 194.2(b)(12).

First, we observe that Vibra did not have a duty to designate TTUHSC as a responsible third party during the period when TTUHSC was already a party to the case.  *Galbraith Eng'g*, 290 S.W.3d at 865 (designation as responsible third party reserved for person "who has not been sued by a claimant"); *Gespa Nicaragua, S.A. v. Recom AG*, 705 S.W.3d 362, 398 (Tex. App.—El Paso 2024, pet. denied) (section 33.004 does not require defendant to designate codefendant as responsible third party in disclosures); *In re CVR Energy, Inc.*, 500 S.W.3d 67, 79 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (op. on reh'g) (same).  TTUHSC remained a named defendant until May 12, 2025, almost two years after limitations ran.[1]

After the Family's claims against TTUHSC were dismissed in May of 2025, roughly eight months passed before Vibra supplemented its disclosures to identify TTUHSC as a responsible third party.  The Family argues that this delay necessitates a determination that Vibra did not timely disclose its intent.  We disagree.

This Court recently noted that "a defendant's conduct in identifying a responsible third party after the limitations period is irrelevant as long as it had no duty to reveal the identity before limitations expired."  *In re One Way Concrete, LLC*, No. 07-25-00181-CV, 2025 Tex. App. LEXIS 5015, at *7 (Tex. App.—Amarillo July 16, 2025, orig. proceeding)

---

[1] The parties assert that limitations ran May 14 or 15 of 2023.

(mem. op.).  We agree with the Second Court of Appeals' explanation in *In re Bertrand* of "the proper construction of the interplay between Section 33.004(d) and Rule 194.2(l)[2]":

> (1) where a defendant seeks to designate a responsible third party after the plaintiffs' limitations against the responsible third party has expired,
>
> (2) if the defendant had a duty to disclose under Rule 194.2(l) prior to the expiration of plaintiffs' limitations against the responsible third party and failed to do so at least in part before limitations ran, then
>
> (3) the defendant may be precluded from designating that person as a responsible third party; but
>
> (4) a defendant's discovery conduct occurring solely after the expiration of the plaintiffs' limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d).

*In re Bertrand*, 602 S.W.3d 691, 705–06 (Tex. App.—Fort Worth 2020, orig. proceeding). As the court further reasoned in *Bertrand*, "[n]o authority supports the conclusion that Section 33.004(d) was intended to serve as a statutory discovery sanction for conduct solely occurring after limitations had expired."  *Id.* at 705; *see also In re Bustamante*, 510 S.W.3d 732, 736–37 (Tex. App.—San Antonio 2016) (orig. proceeding).

Vibra had no duty to identify TTUHSC as a responsible third party before limitations expired because TTUHSC was already a party.  Vibra's discovery conduct after the expiration of limitations is immaterial.  *In re One Way Concrete, LLC*, 2025 Tex. App. LEXIS 5015, at *7.  Accordingly, to the extent that the trial court denied Vibra's motion for

---

[2] Rule 194 was amended by Texas Supreme Court Misc. Docket No. 20-9153, effective January 1, 2021.  The amendment made the disclosure of a potential responsible third party mandatory, even without a discovery request.

leave based on either the expiration of limitations or Vibra's delay in supplementing its disclosures, the trial court abused its discretion.

*Vibra Pleaded Sufficient Facts*

We next consider whether the Family established that Vibra failed to plead sufficient facts to designate a responsible third party. Under section 33.004(g) of the Civil Practice and Remedies Code, the trial court may deny leave to designate a person as a responsible third party if the objecting party establishes both that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure" and that, "after having been granted leave to replead, the defendant failed to plead sufficient facts" again.[3] TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1), (2). The Rules of Civil Procedure require that pleadings setting forth a claim for relief must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).[4] "To plead sufficient facts on a motion for leave to designate a responsible third party . . ., a movant must satisfy only this fair-notice requirement." *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (orig. proceeding) (per curiam). Thus, the pleading requirements for responsible third party designations "are not stringent." *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 Tex. App. LEXIS 2042, at *4 (Tex. App.—Dallas Feb. 21, 2014) (orig.

---

[3] Vibra was not granted the opportunity to replead.

[4] The Family, relying on section 33.004(l) of the Civil Practice and Remedies Code, asserts that Vibra was required to produce evidence sufficient to raise a genuine issue of material fact. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(l). Section 33.004(l) provides a mechanism to strike the designation of a responsible third party *after* the designation has been made. *See id.* (referring to a "designated person"). We will not substitute section 33.004(l)'s elevated evidentiary standard requiring "sufficient evidence" for section 33.004(g)'s mere notice requirement at the pleading stage.

7

proceeding) (mem. op.). The standard is satisfied "if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant." *Id.* at *5.

In its motion for leave, Vibra asserted that TTUHSC is a responsible third party "for the reasons alleged by [the Family]" in its pleadings, i.e., that TTUHSC caused or contributed to causing Berry's death by, among other things, failing to properly assess and treat Berry's various conditions, failing to comply with UMC's orders, failing to properly medicate Berry, and failing to timely transfer Berry to an acute care hospital. Vibra lists 18 specific acts and/or omissions, derived from the Family's petition, that allegedly constitute negligence by TTUHSC. Vibra identifies three additional acts (incorrect dose of sedation, incorrect use of a chest tube, and incorrect use of a ventilator) derived from the Family's response to TTUHSC's plea to the jurisdiction.

We conclude that these allegations put the Family on notice of the nature and basic issues of TTUHSC's alleged responsibility and the type of evidence that might be relevant. Therefore, the pleading requirement is satisfied here. To the extent that the trial court denied Vibra's motion for leave based on the sufficiency of Vibra's pleadings, the trial court abused its discretion.

No Adequate Remedy at Law

The Supreme Court of Texas has held that an adequate appellate remedy is lacking when a trial court erroneously denies a party's timely filed motion to designate a responsible third party. *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam) ("Allowing a case to proceed to trial despite erroneous denial of

8

a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record." [internal quotation omitted]).

## CONCLUSION

Having concluded the trial court abused its discretion in denying Vibra's motion for leave to designate TTUHSC as a responsible third party and that Vibra has no adequate remedy by appeal, we conditionally grant Vibra's petition for writ of mandamus. We order the trial court to vacate its April 22, 2026 order denying Vibra's motion and issue an order granting Vibra's motion designating TTUHSC as a responsible third party. The writ will issue only if the trial court fails to comply.

Judy C. Parker
Chief Justice